Law Offices<br>
RICHARD H. GORDON<br>
504 N. Alpine Dr.<br>
Beverly Hills, Ca. 90210<br>
(310) 962-1267<br>
rhgordonesq@hotmail.com

January 31, 2013

Hon. Colleen McMahon  
United States District Court  
Southern District of New York  
500 Pearl St.  
New York, New York 10007

      Re: Shapiro v. JPMorgan Chase et. al.  
         USDC Case No. 11 CIV 8331 (CM)

Dear Judge McMahon:

    I write as counsel for Dichter-Mad Family Partners, LLC, the intervening Plaintiff in the captioned matter, in response to your January 23, 2013 inquiry on the question of whether the Supreme Court's anticipated ruling in Chadbourne & Parke v. Troice (12-79) and the two additional cases consolidated therewith is likely to be relevant to or determinative of the issue concerning SLUSA preemption posed by JPMorgan Chase's Motion to Dismiss in our case.   The pertinent language of SLUSA reads:

> "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. 78bb(f)(1)(A).

The Supreme Court's grant of certiorari in Chadbourne et. al. is limited to Question 1 as posed by the Appellants, to wit:

> "Whether SLUSA precludes a state law class action alleging a scheme of fraud that involves misrepresentations about transactions in SLUSA covered securities."

    Although at first blush this Question would seem relevant to our case and perhaps even determinative, a comparison of the allegations in Chadbourne with the allegations in our case reveals marked, substantial and significant differences.   In fact, **Chadbourne may not pose the same question to the Supreme Court as JPMorgan Chase's Motion to Dismiss poses to you**.

January 31, 2013                                                                    Page 2

Letter to Hon. C. McMahon

      Chadbourne et. al. is an appeal from the Fifth Circuit's ruling in <u>Roland v. Green</u> (March, 2012) 675 F 3d 503.   Roland (supra) involves a claim by investors who bought Certificates of Deposit from Stanford International Bank, an Antigua based entity owned, controlled and operated by the renowned, convicted and now incarcerated swindler R. Allen Stanford.   The investors allege Stanford and his bank told them the money from the purchase of the CDs would be invested by Stanford and his bank when, in fact, the money was used to repay previous purchasers of CDs from the bank…a classic Ponzi Scheme.  **The Chadbourne defendants were allegedly involved in creating and marketing the CDs.**   The primary question presented to the Supreme Court in Chadbourne is whether Certificates of Deposit are SLUSA covered securities.   In <u>Roland v. Green</u> (supra) the Fifth Circuit (affirming the District Court) ruled they are not.

      The captioned matter presents an entirely different set of circumstances.   JPMorgan Chase was not created, owned or controlled by Mr. Madoff.   JPMorgan Chase was not involved in the creation, management or ownership of Mr. Madoff's business.   JPMorgan Chase did not market, sell or purchase the securities Mr. Madoff falsely claimed to be purchasing with his investors' money.   JPMorgan Chase was not involved in creating or marketing Mr. Madoff's investment scheme.

      Instead, JPMorgan Chase was merely a commercial bank in which Mr. Madoff deposited the funds he falsely represented were being used to purchase securities.   Because Mr. Madoff's account at JPMorgan Chase was so large (varying from balances in the hundreds of millions to balances in excess of a billion dollars) JPMorgan Chase paid close attention to the account.   Plaintiffs allege that in the course of paying close attention to the account JPMorgan Chase discovered information that led it to believe Mr. Madoff was not on the up and up. Subsequent to discovering this information JPMorgan Chase committed the torts alleged in Plaintiffs' Complaint.

      At all times JPMorgan Chase acted solely as a depository and had no involvement with the purchase or sale of any SLUSA covered security.   JPMorgan Chase's duties arise solely from its status as a depository.   The question presented in JPMorgan Chase's Motion to Dismiss is whether JPMorgan Chase's conduct was **in connection with** the purchase or sale of a covered security.

      Chadbourne asks the Supreme Court to overturn the Fifth Circuit's decision in <u>Roland v. Green</u> (supra) that CDs are not "covered securities".   Our case asks you to rule that JPMorgan Chase's tortuous conduct as alleged in our Complaint was "in connection with" its role as a depository and not "in connection" with Mr. Madoff's misrepresentations regarding the purchase or sale of covered securities.   Thus, even if the Supreme Court were to reverse the Fifth Circuit and extend "covered securities" to include CDs, it would not mean that you should grant JPMorgan Chase's Motion to Dismiss in our case.

      However, after holding that CDs were not "covered securities" in <u>Roland v. Green</u> (supra), the Fifth Circuit went on to discuss the proper standard for determining whether a

January 31, 2013                                                                                                 Page 3
Letter to Hon. C. McMahon

defendant's conduct was "in connection with" the purchase or sale of a covered security. The Roland (supra) court articulated a tangentially related test; opining that if a defendant's alleged conduct was only tangentially related to the sale or purchase of covered securities then the SLUSA preemption would not apply and a plaintiff would be free to proceed towards trial. The Roland (supra) court then considered the conduct alleged against the Defendants therein and found that although their alleged conduct did involve some degree of participation in the purchase or sale of the CDs it was only tangentially related thereto and, consequently, the SLUSA preemption did not apply.

The Supreme Court's grant of certiorari as to the above quoted Question 1 does not require the Supreme Court to reach the "in connection with" issue. In fact, Question 1 does not even specifically mention the "in connection with" language of SLUSA. The Supreme Court could merely uphold the Fifth Circuit's conclusion that CDs are not SLUSA covered securities and affirm on that basis. If so, the Supreme Court's decision will not be germane to our case.

Should the Supreme Court reach the "in connection with" issue its decision might be relevant to our case. However, since JPMorgan Chase's conduct as alleged in our Complaint is so markedly, substantially and significantly different from the conduct alleged in the Chadbourne matter, a ruling by the Supreme Court that the case against the Chadbourne Defendants is preempted by SLUSA's "in connection with" language would most likely be dispositive on JPMorgan Chase's Motion to Dismiss in our case.

Thank you for your time and attention to this matter.

Respectfully Submitted,


Richard H. Gordon
Attorney for Dichter-Mad Family Partners, LLC